UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TIMOTHY KRAFT,

                                        Plaintiff,

              -against-

THE CITY OF NEW YORK, P.O. BRETT BARA, P.O. JOSE BUENO, P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown), THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, DR. ELI GREENBERG, DR. FADI HADDAD, DR. ALYSON MALLOY, DR. AMY COHEN, and HHC PERSONNEL JOHN and JANE DOE #11-20, E.M.S. SUPERVISOR JOHN DOE #21, COMMON GROUND COMMUNITY H.D.F.C., INC., CENTER FOR URBAN COMMUNITY SERVICES, ROSANNE HAGGERTY, STACY NERI, DAWN BRADFORD, NANCY PORCARO, ORETHA FRANKLIN, and MICHAEL GIORDANO,

**COMPLAINT**

07 Civ. 2978 (DC)

**JURY TRIAL DEMANDED**

                                        Defendants.

------------------------------------------------------------------------X

Plaintiff TIMOTHY KRAFT, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff TIMOTHY KRAFT is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. That at all times hereinafter mentioned, plaintiff TIMOTHY KRAFT resided in an apartment building called the Prince George, located at 14 E. 28th Street in the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, the individually named defendants P.O. BRETT BARA, P.O. JOSE BUENO, and P.O.s JOHN and JANE DOE #1-10 were duly sworn

police officers of said department and were acting under the supervision of said department and according to their official duties.

11. Defendant THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION ("HHC") was and is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. That at all times hereinafter mentioned, the individually named defendants DR. ELI GREENBERG, DR. FADI HADDAD, DR. ALYSON MALLOY, DR. AMY COHEN, and HHC PERSONNEL JOHN and JANE DOE #11-20 were employees, servants and/or agents of HHC and were acting under the supervision of HHC and according to their official duties.

13. Defendant THE CITY OF NEW YORK maintains the New York City Fire Department, a duly authorized public authority and/or fire department, authorized to perform all functions of a fire department as per the applicable sections of New York State law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

14. That at all times hereinafter mentioned, the individually named defendant E.M.S. SUPERVISOR JOHN DOE #21 was a duly sworn employee of said department and was acting under the supervision of said department and according to his official duties.

15. Defendant COMMON GROUND COMMUNITY H.D.F.C., INC. ("COMMON GROUND") was and is a domestic not-for-profit corporation, duly organized and existing under and by virtue of the laws of the State of New York and conducting its usual business in the State of New York.

16. That at all times hereinafter mentioned, defendant COMMON GROUND operated, managed, maintained, and controlled the Prince George.

17. That at all times hereinafter mentioned, the individually named defendants ROSANNE HAGGERTY, NANCY PORCARO, and MICHAEL GIORDANO were employees, servants, and/or agents of defendant COMMON GROUND and were acting under the supervision of said organization and according to their official duties.

18. Defendant CENTER FOR URBAN COMMUNITY SERVICES ("CUCS") was and is a domestic not-for-profit corporation, duly organized and existing under and by virtue of the laws of the State of New York and conducting its usual business in the State of New York.

19. That at all times hereinafter mentioned, defendant CUCS placed social workers, including defendant STACY NERI, at the Prince George.

20. That at all times hereinafter mentioned, the individually named defendants STACY NERI, ORETHA FRANKLIN, and DAWN BRADFORD, were employees, servants, and/or agents of defendant CUCS and were acting under the supervision of said organization and according to their official duties.

21. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

22. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment.

23. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment.

**FACTS**

24. On May 18, 2006, at approximately 6:00 p.m., in front of the Prince George, plaintiff TIMOTHY KRAFT was physically attacked by another resident.

25. At aforesaid time and place, defendant police officers took plaintiff TIMOTHY KRAFT into custody and placed him in an ambulance that transported him against his will to Bellevue Hospital, in Manhattan, New York.

26. Defendant E.M.S. SUPERVISOR JOHN DOE #21 also participated in the decision to arrest and transport plaintiff TIMOTHY KRAFT against his will.

27. While at Bellevue Hospital, plaintiff TIMOTHY KRAFT was confined against his will by defendants DR. ELI GREENBERG, DR. FADI HADDAD, DR. ALYSON MALLOY, DR. AMY COHEN, and unidentified HHC personnel.

28. Defendants DR. ELI GREENBERG, DR. FADI HADDAD, DR. ALYSON MALLOY, DR. AMY COHEN, and unidentified HHC personnel falsified documents in order to continue to prolong plaintiff's forced hospitalization.

29. Plaintiff TIMOTHY KRAFT was held against his will at Bellevue Hospital for approximately five days.

30. Defendants ROSANNE HAGGERTY, STACY NERI, DAWN BRADFORD, NANCY PORCARO, ORETHA FRANKLIN, and MICHAEL GIORDANO, acting for and on behalf of defendants COMMON GROUND and/or CUCS and within the scope of their employment, maliciously provided false information to, *inter alia*, defendant police officers and defendant HHC employees.

31. As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff TIMOTHY KRAFT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were carried out by the aforementioned individual police and fire defendants in their capacities as police and fire officers, with all of the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual police and fire defendants in their capacities as police and fire officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police and Fire Departments, all under the supervision of ranking officers of said departments.

37. The acts complained of were carried out by the aforementioned individual HHC defendants in their capacities as HHC personnel, with all of the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual HHC defendants in their capacities as HHC personnel, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and HHC, all under the supervision of ranking officials of HHC.

39. The acts complained of were carried out by defendants ROSANNE HAGGERTY, STACY NERI, DAWN BRADFORD, NANCY PORCARO, ORETHA FRANKLIN, and MICHAEL GIORDANO in their capacities as employees, servants, and/or agents of defendants

COMMON GROUND and/or CUCS, with all of the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by ROSANNE HAGGERTY, STACY NERI, DAWN BRADFORD, NANCY PORCARO, ORETHA FRANKLIN, and MICHAEL GIORDANO in their capacities as employees, servants, and/or agents, pursuant to the customs, usages, practices, procedures, and the rules of defendants COMMON GROUND and/or CUCS, all under the supervision of ranking officials of said organizations.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority/public benefits corporation/not-for-profit corporation, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of the aforesaid conduct by defendants, plaintiff TIMOTHY KRAFT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

44. As a result of the foregoing, plaintiff TIMOTHY KRAFT's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants issued legal process to place plaintiff TIMOTHY KRAFT under arrest and to hospitalize him forcibly.

47.     Defendants arrested and hospitalized plaintiff TIMOTHY KRAFT in order to obtain a collateral objective outside the legitimate ends of the legal process.

48.     Defendants acted with intent to do harm to plaintiff TIMOTHY KRAFT without excuse or justification.

### FOURTH CLAIM FOR RELIEF
### DEPRIVATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     In forcibly hospitalizing plaintiff TIMOTHY KRAFT, defendants deprived plaintiff of his right to be afforded due process before being deprived of a liberty interest.

51.     In falsifying documents, defendants deprived plaintiff TIMOTHY KRAFT of his right to be afforded due process.

52.     As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants arrested and hospitalized plaintiff TIMOTHY KRAFT in the absence of

any evidence of criminal wrongdoing or mental illness, notwithstanding their knowledge that said arrest and hospitalization would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, or as doctors and hospital officials, with all the actual and/or apparent authority attendant thereto.

56. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, or as doctors and hospital officials, pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, and HHC, all under the supervision of ranking officers of said departments or agencies.

57. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC include, but are not limited to, wrongfully arresting and hospitalizing individuals who do not require in-patient mental health treatment, and falsifying documents to justify forced psychiatric hospitalizations.

58. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **James Edward Jones v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 2302;

- **Jeffrey Browne v. City of New York,** United States District Court, Southern District of New York, 04 Civ. 8440;

- **Marion v. LaFargue,** United States District Court, Southern District of New York, 00 Civ. 0840;

- **Kenneth Eng v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5206.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff TIMOTHY KRAFT.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC were the direct and proximate cause of the constitutional violations suffered by plaintiff TIMOTHY KRAFT as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC were the moving force behind the constitutional violations suffered by plaintiff TIMOTHY KRAFT as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the New York City Police Department, and HHC, plaintiff TIMOTHY KRAFT was falsely arrested and wrongfully hospitalized.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff TIMOTHY KRAFT.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff TIMOTHY KRAFT's constitutional rights.

65. All of the foregoing acts by defendants deprived plaintiff TIMOTHY KRAFT of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C.  To be free from malicious abuse of process;

    D.  Not to have cruel and unusual punishment imposed upon him; and

    E.  To receive equal protection and due process under the law.

  66.  As a result of the foregoing, plaintiff TIMOTHY KRAFT is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) against all defendants, jointly and severally, and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00) against all defendants except for the City of New York, jointly and severally.

## PENDANT STATE CLAIMS

  67.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

  68.  On or about August 21, 2006, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York and HHC, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

  69.  The City of New York and HHC have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

  70.  The City of New York and HHC failed to schedule a hearing pursuant to General Municipal Law § 50-h and such hearing is accordingly deemed waived.

  71.  This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

  72.  Plaintiff has complied with all conditions precedent to maintaining the instant action.

73. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants caused and/or participated in the arrest of plaintiff TIMOTHY KRAFT, which was made without probable cause.

76. As a result of the aforesaid conduct by defendants, plaintiff TIMOTHY KRAFT was subjected to an illegal, improper and false arrest and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated.

77. The aforesaid actions by the defendants constituted a deprivation of plaintiff TIMOTHY KRAFT's rights as secured under New York State law.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. As a result of the foregoing, plaintiff TIMOTHY KRAFT was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated.

80. Plaintiff TIMOTHY KRAFT was conscious of said confinement and did not consent to same.

81. The confinement of plaintiff TIMOTHY KRAFT was without probable cause and was not otherwise privileged.

82. As a result of the aforementioned conduct, plaintiff TIMOTHY KRAFT has suffered mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendants issued and/or caused to be issued legal process to place plaintiff TIMOTHY KRAFT under arrest and to keep him confined.

85. Defendants participated in the arrest and confinement of plaintiff TIMOTHY KRAFT to obtain a collateral objective outside the legitimate ends of the legal process.

86. Defendants acted with intent to do harm to plaintiff TIMOTHY KRAFT, without excuse or justification.

87. As a result of the aforementioned conduct, plaintiff TIMOTHY KRAFT suffered mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

90. The aforementioned conduct was committed by defendants while acting within the scope of their employment.

91. The aforementioned conduct was committed by defendants while acting in furtherance of their employment.

92. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff TIMOTHY KRAFT.

93. As a result of the aforementioned conduct, plaintiff TIMOTHY KRAFT suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

96. The aforementioned conduct was negligent and caused severe emotional distress to plaintiff TIMOTHY KRAFT.

97. The aforementioned conduct was committed by defendants while acting within the scope of their employment.

98. The aforementioned conduct was committed by defendants while acting in furtherance of their employment.

99. As a result of the aforementioned conduct, plaintiff TIMOTHY KRAFT suffered severe emotional distress and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### PRIMA FACIE TORT

100. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. Defendants, by the aforesaid conduct, inflicted harm upon plaintiff TIMOTHY KRAFT.

102. The aforesaid conduct of defendants was intentional.

103. The aforesaid conduct of defendants was without any excuse or justification

104. As a result of defendants' conduct, plaintiff TIMOTHY KRAFT sustained, *inter alia*, severe emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

105. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106. Upon information and belief, defendants failed to use reasonable care in the hiring and retention of the employees who caused plaintiff TIMOTHY KRAFT to be falsely arrested and falsely imprisoned.

107. Defendants knew, or should have known in the exercise of reasonable care, the propensities of said employees to engage in the wrongful conduct heretofore alleged in this Complaint.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

108. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. Upon information and belief, defendants failed to use reasonable care in the training and supervision of the aforesaid employees who caused plaintiff TIMOTHY KRAFT to be falsely arrested and falsely imprisoned.

110.	As a result of the foregoing, plaintiff TIMOTHY KRAFT is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) against all defendants, jointly and severally, and is further entitled to punitive damages in the sum of five million dollars ($5,000,000.00) against all defendants except for the City of New York, jointly and severally.

**WHEREFORE**, plaintiff TIMOTHY KRAFT demands judgment against all defendants, jointly and severally, in the sum of five million dollars ($5,000,000.00) in compensatory damages and against all defendants except for the City of New York, jointly and severally, in the sum of five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:	New York, New York
	April 12, 2007

	_____/s_____
	ROSE M. WEBER (RW 0515)
	225 Broadway, Suite 1608
	New York, NY 10007
	(212) 748-3355