UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TIMOTHY KRAFT,                                        Docket No. 07 CV 2978

                          Plaintiffs,

          -against-
                                                              **ANSWER**

THE CITY OF NEW YORK, P.O. BRETT BARA, P.O.           **Defendant Demands**
JOSE BUENO, P.O.s JOHN and JANE DOE #1-10,              **Trial by Jury**
individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names are
presently unknown), THE NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, DR. ELI
GREENBERG, DR. FADI HADDAD, DR. ALYSON
MALLOY, DR. AMY COHEN, and HHC PERSONNEL
JOHN and JANE DOE #11-20, E.M.S. SUPERVISOR
JOHN DOE #21, COMMON GROUND COMMUNITY
H.D.F.C., INC., CENTER FOR URBAN COMMUNITY
SERVICES, ROSANNE HAGGERTY, STACY NERI,
DAWN BRADFORD, NANCY PORCARO, ORETHA
FRANKLIN, and MICHAEL GIORDANO,

                          Defendants.
------------------------------------------------------------------X

          Defendant, **CENTER FOR URBAN COMMUNITY SERVICES, INC**. by and

through its attorneys, the Law Offices of Patrick J. Maloney, as and for its answer to the

complaint of the plaintiff, alleges as follows upon information and belief:

          1.        Denies knowledge or information sufficient to form a belief as to each and

every allegation contained in Paragraph "1" of the complaint.

          2.        Denies knowledge or information sufficient to form a belief as to each and

every allegation contained in Paragraph "2" of the complaint.

          3.        Denies knowledge or information sufficient to form a belief as to each and

every allegation contained in Paragraph "3" of the complaint.

          4.        Denies knowledge or information sufficient to form a belief as to each and

every allegation contained in Paragraph "4" of the complaint.

5.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "6" of the complaint.

6.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "7" of the complaint.

7.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "9" of the complaint.

8.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "10" of the complaint.

9.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "11" of the complaint.

10.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "12" of the complaint.

11.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "13" of the complaint.

12.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "14" of the complaint.

13.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "15" of the complaint.

14.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "16" of the complaint.

15.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "17" of the complaint.

16.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "18" of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "19" of the complaint.

18.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "20" of the complaint.

19.     Denies each and every allegation contained in Paragraph "21" of the Complaint.

20.     Denies each and every allegation contained in Paragraph "22" of the Complaint.

21.     Denies each and every allegation contained in Paragraph "23" of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "24" of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "25" of the complaint.

24.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "26" of the complaint.

25.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "27" of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "28" of the complaint.

27.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "29" of the complaint.

28.     Denies each and every allegation contained in Paragraph "30" of the Complaint.

29.     Denies each and every allegation contained in Paragraph "31" of the Complaint.

30.     Repeat, reiterate and reallege each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "32" of the Complaint with the same force and effect as if set forth at length herein.

31.     Denies each and every allegation contained in Paragraph "33" of the Complaint.

32.     Denies each and every allegation contained in Paragraph "34" of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "35" of the complaint.

34.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "36" of the complaint.

35.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "37" of the complaint.

36.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "38" of the complaint.

37.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "39" of the complaint.

38.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "40" of the complaint.

39.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "41" of the complaint.

40.    Repeat, reiterate and reallege each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "42" of the Complaint with the same force and effect as if set forth at length herein.

41.    Denies each and every allegation contained in Paragraph "43" of the Complaint.

42.    Denies each and every allegation contained in Paragraph "44" of the Complaint.

43.    Repeat, reiterate and reallege each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "45" of the Complaint with the same force and effect as if set forth at length herein.

44.    Denies each and every allegation contained in Paragraph "46" of the Complaint.

45.    Denies each and every allegation contained in Paragraph "47" of the Complaint.

46.    Denies each and every allegation contained in Paragraph "48" of the Complaint.

47.    Repeat, reiterate and reallege each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "49" of the Complaint with the same force and effect as if set forth at length herein.

48.    Denies each and every allegation contained in Paragraph "50" of the Complaint.

49.    Denies each and every allegation contained in Paragraph "51" of the Complaint.

50.    Denies each and every allegation contained in Paragraph "52" of the Complaint.

51.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "53" of the Complaint with the same force and effect as if set forth at length herein.

52.    Denies each and every allegation contained in Paragraph "54" of the Complaint.

53.    Denies each and every allegation contained in Paragraph "55" of the Complaint.

54.    Denies each and every allegation contained in Paragraph "56" of the Complaint.

55.    Denies each and every allegation contained in Paragraph "57" of the Complaint.

56.    Denies each and every allegation contained in Paragraph "58" of the Complaint and respectfully refers all questions of law therein to the Court for resolution.

57.    Denies each and every allegation contained in Paragraph "59" of the Complaint.

58.    Denies each and every allegation contained in Paragraph "60" of the Complaint.

59.    Denies each and every allegation contained in Paragraph "61" of the Complaint.

60.    Denies each and every allegation contained in Paragraph "62" of the Complaint.

61.     Denies each and every allegation contained in Paragraph "63" of the Complaint.

62.     Denies each and every allegation contained in Paragraph "64" of the Complaint.

63.     Denies each and every allegation contained in Paragraph "65" of the Complaint.

64.     Denies each and every allegation contained in Paragraph "66" of the Complaint.

65.     Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "67" of the Complaint with the same force and effect as if set forth at length herein.

66.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "68" of the complaint.

67.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "69" of the complaint.

68.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "70" of the complaint.

69.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "71" of the complaint.

70.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "72" of the complaint.

71.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "73" of the Complaint and respectfully refers all questions of law therein to the Court for resolution.

72.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "74" of the Complaint with the same force and effect as if set forth at length herein.

73.    Denies each and every allegation contained in Paragraph "75" of the Complaint.

74.    Denies each and every allegation contained in Paragraph "76" of the Complaint.

75.    Denies each and every allegation contained in Paragraph "77" of the Complaint.

76.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "78" of the Complaint with the same force and effect as if set forth at length herein.

77.    Denies each and every allegation contained in Paragraph "79" of the Complaint.

78.    Denies each and every allegation contained in Paragraph "80" of the Complaint.

79.    Denies each and every allegation contained in Paragraph "81" of the Complaint.

80.    Denies each and every allegation contained in Paragraph "82" of the Complaint.

81.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "83" of the Complaint with the same force and effect as if set forth at length herein.

82.    Denies each and every allegation contained in Paragraph "84" of the Complaint.

83.    Denies each and every allegation contained in Paragraph "85" of the Complaint.

84.    Denies each and every allegation contained in Paragraph "86" of the Complaint.

85.    Denies each and every allegation contained in Paragraph "87" of the Complaint.

86.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "88" of the Complaint with the same force and effect as if set forth at length herein.

87.    Denies each and every allegation contained in Paragraph "89" of the Complaint.

88.    Denies each and every allegation contained in Paragraph "90" of the Complaint.

89.    Denies each and every allegation contained in Paragraph "91" of the Complaint.

90.    Denies each and every allegation contained in Paragraph "92" of the Complaint.

91.    Denies each and every allegation contained in Paragraph "93" of the Complaint.

92.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "94" of the Complaint with the same force and effect as if set forth at length herein.

93.     Denies each and every allegation contained in Paragraph "95" of the Complaint.

94.     Denies each and every allegation contained in Paragraph "96" of the Complaint.

95.     Denies each and every allegation contained in Paragraph "97" of the Complaint.

96.     Denies each and every allegation contained in Paragraph "98" of the Complaint.

97.     Denies each and every allegation contained in Paragraph "99" of the Complaint.

98.     Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "100" of the Complaint with the same force and effect as if set forth at length herein.

99.     Denies each and every allegation contained in Paragraph "101" of the Complaint.

100.    Denies each and every allegation contained in Paragraph "102" of the Complaint.

101.    Denies each and every allegation contained in Paragraph "103" of the Complaint.

102.    Denies each and every allegation contained in Paragraph "104" of the Complaint.

103.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "105" of the Complaint with the same force and effect as if set forth at length herein.

104.    Denies each and every allegation contained in Paragraph "106" of the Complaint.

105.    Denies each and every allegation contained in Paragraph "107" of the Complaint.

106.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "108" of the Complaint with the same force and effect as if set forth at length herein.

107.    Denies each and every allegation contained in Paragraph "109" of the Complaint.

108.    Denies each and every allegation contained in Paragraph "110" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

109.    The injuries alleged to have been suffered by plaintiff was caused, in whole or part, by the conduct of plaintiff.  Plaintiff's claims are barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

110.    The injuries alleged to have been suffered by plaintiff was caused, in whole or part, by the conduct of parties or entities over whom this answering defendant had no authority or control. Plaintiff's recovery against this answering defendant is barred or diminished in the proportion that such culpable conduct of parties or entities over whom this answering defendant had no authority or control bears to the total culpable conduct causing the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

111.    Pursuant to CPLR Article 16, the liability of this defendant for non-economic loss shall not exceed the equitable share of this defendant determined in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

112.    That recovery, if any, on the complaint shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR §4545(c).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

113.    The conduct of this answering defendant was privileged and reasonable under the circumstances then and there existing.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

114.    The injuries and damages alleged in the complaint were caused or contributed to by plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

115.    This answering defendant is immune from liability pursuant to section seven hundred twenty-a of the not-for-profit corporation law.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS, THE CITY OF NEW YORK, P.O. BRETT BARA, P.O. JOSE BUENO AND THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, DR. ELI GREENBERG, DR. FADI HADDAD, DR. ALYSON MALLOY, DR. AMY COHEN, THE ANSWERING DEFENDANT ALLEGES:

116.    If any plaintiff recovers against this defendant then this defendant will be entitled to an apportionment of responsibility for damages between and amongst the

12

parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to plaintiff.

117.    If any plaintiff recovers against this defendant then this defendant will be entitled to be indemnified and to recover the full amount of any judgment from co-defendant.

**WHEREFORE**, defendants respectfully request that this Honorable Court dismiss the Complaint of the plaintiffs with prejudice and award defendants such other, further or different relief as the Court may deem just and proper.

Dated: New York, New York
      May 29, 2007

                                    Yours, etc.

                                      LAW OFFICES OF PATRICK J. MALONEY

                                      By:_____
                                          Mark A. Solomon (2613)
                                    Attorneys for Defendant
                                    CENTER FOR URBAN
                                    COMMUNITY SERVICES
                                    90 Broad Street – Suite 2202
                                    New York, New York 10004
                                    (646) 428-2647

TO:    ROSE M. WEBER, ESQ.
        Attorney for Plaintiff
        TIMOTHY KRAFT
        225 Broadway – Suite 1608
        New York, New York 10007
        (212) 748-3355

        CORPORATION COUNSEL
        100 Church Street
        New York, New York 10007

## CERTIFICATE OF SERVICE

**MARK A. SOLOMON** affirms the following under the penalties of perjury under the law of the United States and the State of New York:

I am an attorney at law admitted to practice before the Courts of the State of New York and this Honorable Court.

I am the attorney of record for the defendant, **CENTER FOR URBAN COMMUNITY SERVICES** in this action. I am over the age of eighteen and not a party to the action.

On May 29, 2007, I served the within **ANSWER** upon:

ROSE M. WEBER, ESQ.
Attorney for Plaintiff
TIMOTHY KRAFT
225 Broadway – Suite 1608
New York, New York 10007
(212) 748-3355

CORPORATION COUNSEL
100 Church Street
New York, New York 10007

by depositing a true copy thereof enclosed in a properly addressed postpaid envelop in a mail depository under the exclusive control of the United States Postal Service in the State of New York.

Dated: New York, New York
     May 29, 2007

                                 Mark A. Solomon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TIMOTHY KRAFT,                                        Docket No. 07 CV 2978

                               Plaintiffs,

        -against-

THE CITY OF NEW YORK, P.O. BRETT BARA, P.O.
JOSE BUENO, P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names are
presently unknown), THE NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, DR. ELI
GREENBERG, DR. FADI HADDAD, DR. ALYSON
MALLOY, DR. AMY COHEN, and HHC PERSONNEL
JOHN and JANE DOE #11-20, E.M.S. SUPERVISOR
JOHN DOE #21, COMMON GROUND COMMUNITY
H.D.F.C., INC., CENTER FOR URBAN COMMUNITY
SERVICES, ROSANNE HAGGERTY, STACY NERI,
DAWN BRADFORD, NANCY PORCARO, ORETHA
FRANKLIN, and MICHAEL GIORDANO,

                               Defendants.

-------------------------------------------------------------------X


---

## ANSWER

---


**LAW OFFICES OF PATRICK J. MALONEY**
Attorneys for Defendant
**CENTER FOR URBAN COMMUNITY SERVICES**
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2647