UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TIMOTHY KRAFT,                                          Docket No. 07 CV 2978

                        Plaintiffs,

        -against-                                        **AMENDED
                                                          <u>ANSWER</u>**

THE CITY OF NEW YORK, P.O. BRETT BARA, P.O.              **Defendant Demands
JOSE BUENO, P.O.s JOHN and JANE DOE #1-10,                Trial by Jury**
individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names are
presently unknown), THE NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, DR. ELI
GREENBERG, DR. FADI HADDAD, DR. ALYSON
MALLOY, DR. AMY COHEN, and HHC PERSONNEL
JOHN and JANE DOE #11-20, E.M.S. SUPERVISOR
JOHN DOE #21, COMMON GROUND COMMUNITY
H.D.F.C., INC., CENTER FOR URBAN COMMUNITY
SERVICES, ROSANNE HAGGERTY, STACY NERI,
DAWN BRADFORD, NANCY PORCARO, ORETHA
FRANKLIN, and MICHAEL GIORDANO,

                        Defendants.
-------------------------------------------------------------------X

        Defendants, **CENTER FOR URBAN COMMUNITY SERVICES, INC**.,

**STACY NERI and DAWN BRADFORD**, by and through their attorneys, the Law

Offices of Patrick J. Maloney, as and for their amended answer to the complaint of the

plaintiff, allege as follows upon information and belief:

        1.      Deny knowledge or information sufficient to form a belief as to each and

every allegation contained in Paragraph "1" of the complaint.

        2.      Deny knowledge or information sufficient to form a belief as to each and

every allegation contained in Paragraph "2" of the complaint.

        3.      Deny knowledge or information sufficient to form a belief as to each and

every allegation contained in Paragraph "3" of the complaint.

        4.      Deny knowledge or information sufficient to form a belief as to each and

every allegation contained in Paragraph "4" of the complaint.

5.      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "6" of the complaint.

6.      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "7" of the complaint.

7.      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "9" of the complaint.

8.      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "10" of the complaint.

9.      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "11" of the complaint.

10.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "12" of the complaint.

11.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "13" of the complaint.

12.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "14" of the complaint.

13.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "15" of the complaint.

14.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "16" of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "17" of the complaint.

16.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "18" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "19" of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "20" of the complaint, except to admit that the individually named defendants STACY NERI and DAWN BRADFORD were employees of defendant CUCS.

19.     Deny each and every allegation contained in Paragraph "21" of the Complaint.

20.     Deny each and every allegation contained in Paragraph "22" of the Complaint.

21.     Deny each and every allegation contained in Paragraph "23" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "24" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "25" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "26" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "27" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "28" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "29" of the complaint.

28.     Deny each and every allegation contained in Paragraph "30" of the Complaint.

29.     Deny each and every allegation contained in Paragraph "31" of the Complaint.

30.     Repeat, reiterate and reallege each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "32" of the Complaint with the same force and effect as if set forth at length herein.

31.     Deny each and every allegation contained in Paragraph "33" of the Complaint.

32.     Deny each and every allegation contained in Paragraph "34" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "35" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "36" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "37" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "38" of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "39" of the complaint.

38.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "40" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "41" of the complaint.

40.     Repeat, reiterate and reallege each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "42" of the Complaint with the same force and effect as if set forth at length herein.

41.     Deny each and every allegation contained in Paragraph "43" of the Complaint.

42.     Deny each and every allegation contained in Paragraph "44" of the Complaint.

43.     Repeat, reiterate and reallege each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "45" of the Complaint with the same force and effect as if set forth at length herein.

44.     Deny each and every allegation contained in Paragraph "46" of the Complaint.

45.     Deny each and every allegation contained in Paragraph "47" of the Complaint.

46.     Deny each and every allegation contained in Paragraph "48" of the Complaint.

47.     Repeat, reiterate and reallege each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "49" of the Complaint with the same force and effect as if set forth at length herein.

48.     Deny each and every allegation contained in Paragraph "50" of the Complaint.

49.    Deny each and every allegation contained in Paragraph "51" of the Complaint.

50.    Deny each and every allegation contained in Paragraph "52" of the Complaint.

51.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "53" of the Complaint with the same force and effect as if set forth at length herein.

52.    Deny each and every allegation contained in Paragraph "54" of the Complaint.

53.    Deny each and every allegation contained in Paragraph "55" of the Complaint.

54.    Deny each and every allegation contained in Paragraph "56" of the Complaint.

55.    Deny each and every allegation contained in Paragraph "57" of the Complaint.

56.    Deny each and every allegation contained in Paragraph "58" of the Complaint and respectfully refers all questions of law therein to the Court for resolution.

57.    Deny each and every allegation contained in Paragraph "59" of the Complaint.

58.    Deny each and every allegation contained in Paragraph "60" of the Complaint.

59.    Deny each and every allegation contained in Paragraph "61" of the Complaint.

60.     Deny each and every allegation contained in Paragraph "62" of the Complaint.

61.     Deny each and every allegation contained in Paragraph "63" of the Complaint.

62.     Deny each and every allegation contained in Paragraph "64" of the Complaint.

63.     Deny each and every allegation contained in Paragraph "65" of the Complaint.

64.     Deny each and every allegation contained in Paragraph "66" of the Complaint.

65.     Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "67" of the Complaint with the same force and effect as if set forth at length herein.

66.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "68" of the complaint.

67.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "69" of the complaint.

68.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "70" of the complaint.

69.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "71" of the complaint.

70.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "72" of the complaint.

71.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "73" of the Complaint and respectfully refers all questions of law therein to the Court for resolution.

72.     Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "74" of the Complaint with the same force and effect as if set forth at length herein.

73.     Deny each and every allegation contained in Paragraph "75" of the Complaint.

74.     Deny each and every allegation contained in Paragraph "76" of the Complaint.

75.     Deny each and every allegation contained in Paragraph "77" of the Complaint.

76.     Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "78" of the Complaint with the same force and effect as if set forth at length herein.

77.     Deny each and every allegation contained in Paragraph "79" of the Complaint.

78.     Deny each and every allegation contained in Paragraph "80" of the Complaint.

79.     Deny each and every allegation contained in Paragraph "81" of the Complaint.

80.     Deny each and every allegation contained in Paragraph "82" of the Complaint.

81.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "83" of the Complaint with the same force and effect as if set forth at length herein.

82.    Deny each and every allegation contained in Paragraph "84" of the Complaint.

83.    Deny each and every allegation contained in Paragraph "85" of the Complaint.

84.    Deny each and every allegation contained in Paragraph "86" of the Complaint.

85.    Deny each and every allegation contained in Paragraph "87" of the Complaint.

86.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "88" of the Complaint with the same force and effect as if set forth at length herein.

87.    Deny each and every allegation contained in Paragraph "89" of the Complaint.

88.    Deny each and every allegation contained in Paragraph "90" of the Complaint.

89.    Deny each and every allegation contained in Paragraph "91" of the Complaint.

90.    Deny each and every allegation contained in Paragraph "92" of the Complaint.

91.    Deny each and every allegation contained in Paragraph "93" of the Complaint.

92.     Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "94" of the Complaint with the same force and effect as if set forth at length herein.

93.     Deny each and every allegation contained in Paragraph "95" of the Complaint.

94.     Deny each and every allegation contained in Paragraph "96" of the Complaint.

95.     Deny each and every allegation contained in Paragraph "97" of the Complaint.

96.     Deny each and every allegation contained in Paragraph "98" of the Complaint.

97.     Deny each and every allegation contained in Paragraph "99" of the Complaint.

98.     Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "100" of the Complaint with the same force and effect as if set forth at length herein.

99.     Deny each and every allegation contained in Paragraph "101" of the Complaint.

100.     Deny each and every allegation contained in Paragraph "102" of the Complaint.

101.     Deny each and every allegation contained in Paragraph "103" of the Complaint.

102.     Deny each and every allegation contained in Paragraph "104" of the Complaint.

103.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "105" of the Complaint with the same force and effect as if set forth at length herein.

104.    Deny each and every allegation contained in Paragraph "106" of the Complaint.

105.    Deny each and every allegation contained in Paragraph "107" of the Complaint.

106.    Repeats, reiterates and realleges each and every admission, denial, and denial of knowledge or information heretofore interposed in response to Paragraph "108" of the Complaint with the same force and effect as if set forth at length herein.

107.    Deny each and every allegation contained in Paragraph "109" of the Complaint.

108.    Deny each and every allegation contained in Paragraph "110" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

109.    The injuries alleged to have been suffered by plaintiff was caused, in whole or part, by the conduct of plaintiff.  Plaintiff's claims are barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

110.    The injuries alleged to have been suffered by plaintiff was caused, in whole or part, by the conduct of parties or entities over whom this answering defendant had no authority or control. Plaintiff's recovery against this answering defendant is barred or diminished in the proportion that such culpable conduct of parties or entities

over whom this answering defendant had no authority or control bears to the total culpable conduct causing the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

111.    Pursuant to CPLR Article 16, the liability of this defendant for non-economic loss shall not exceed the equitable share of this defendant determined in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

112.    That recovery, if any, on the complaint shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR §4545(c).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

113.    The conduct of this answering defendant was privileged and reasonable under the circumstances then and there existing.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

114.    The injuries and damages alleged in the complaint were caused or contributed to by plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

115.    This answering defendant is immune from liability pursuant to section seven hundred twenty-a of the not-for-profit corporation law.

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS, THE CITY OF NEW YORK, P.O. BRETT BARA, P.O. JOSE BUENO AND THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, DR. ELI GREENBERG, DR. FADI HADDAD, DR. ALYSON MALLOY, DR. AMY COHEN, COMMON GROUND COMMUNITY H.D.F.C., INC., ROSANNE HAGGERTY, NANCY PORCARO, ORETHA FRANKLIN, and MICHAEL GIORDANO THE ANSWERING DEFENDANT ALLEGES:**

116.    If any plaintiff recovers against these defendants then these defendants will be entitled to an apportionment of responsibility for damages between and amongst the parties of this action and will be entitled to recover from each other party for its proportional share commensurate with any judgment which may be awarded to plaintiff.

117.    If any plaintiff recovers against this defendant then this defendant will be entitled to be indemnified and to recover the full amount of any judgment from co-defendant.

**WHEREFORE**, defendants respectfully request that this Honorable Court dismiss the Complaint of the plaintiffs with prejudice and award defendants such other, further or different relief as the Court may deem just and proper.

Dated: New York, New York
         June 28, 2007

Yours, etc.

LAW OFFICES OF PATRICK J. MALONEY

By:_____
         Mark A. Solomon (2613)
Attorneys for Defendants
CENTER FOR URBAN COMMUNITY SERVICES,
STACY NERI and DAWN BRADFORD
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650

TO:    ROSE M. WEBER, ESQ.
Attorney for Plaintiff
TIMOTHY KRAFT
225 Broadway – Suite 1608
New York, New York 10007
(212) 748-3355

CORPORATION COUNSEL
100 Church Street
New York, New York 10007

HOEY KING TOKER & EPSTEIN
Attorneys for Defendant
COMMON GROUND COMMUNITY H.D.F.C., INC.
55 Water Street
New York, New York
(212) 612-4200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TIMOTHY KRAFT,                                                Docket No. 07 CV 2978

                        Plaintiffs,

        -against-

THE CITY OF NEW YORK, P.O. BRETT BARA, P.O.
JOSE BUENO, P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names
are presently unknown), THE NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, DR. ELI
GREENBERG, DR. FADI HADDAD, DR. ALYSON
MALLOY, DR. AMY COHEN, and HHC PERSONNEL
JOHN and JANE DOE #11-20, E.M.S. SUPERVISOR
JOHN DOE #21, COMMON GROUND COMMUNITY
H.D.F.C., INC., CENTER FOR URBAN COMMUNITY
SERVICES, ROSANNE HAGGERTY, STACY NERI,
DAWN BRADFORD, NANCY PORCARO, ORETHA
FRANKLIN, and MICHAEL GIORDANO,

                        Defendants.
------------------------------------------------------------------X


---

### AMENDED ANSWER

---


**LAW OFFICES OF PATRICK J. MALONEY**
Attorneys for Defendants
**CENTER FOR URBAN COMMUNITY SERVICES, CENTER FOR URBAN
COMMUNITY SERVICES, INC**., **STACI NERI and DAWN BRADFORD**
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650