UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TIMOTHY KRAFT,

                                     Plaintiff,

                -against-

THE CITY OF NEW YORK, P.O. BRETT BARA, P.O.
JOSE BUENO, P.O.s JOHN AND JANE DOE #1-10,
individually and in their official capacities (the names John
and Jane Doe being fictitious, as the true names are
presently unknown), THE NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, DR. ELI
GREENBERG, DR. FADI HADDAD, DR. ALYSON
MALLOY, DR. AMY COHEN, and HHC PERSONNEL
JOHN and JANE DOE #11-20, E.M.S. SUPERVISOR
JOHN DOE #21, COMMON GROUND COMMUNITY
H.D.F.C, INC., CENTER FOR URBAN COMMUNITY
SERVICES, ROSANNE HAGGERTY, STACY NERI,
DAWN BRADFORD, NANCY PORCARO, ORETHA
FRANKLIN, and MICHAEL GIORDANO,

                                   Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 2978 (DC)

       Defendants Dr. Eli Greenberg, Dr. Fadi Haddad, Dr. Alyson Malloy, P.O. Brett Bara,

P.O. Jose Bueno (together, "City Individual Defendants"), by their attorney, Michael A.

Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint,

respectfully allege as follows:

       1.       Deny the allegations set forth in Paragraph 1 of the Complaint, except admit that

plaintiff purports to proceed as described therein.

       2.       Deny the allegations set forth in Paragraph 2 of the Complaint, except admit that

plaintiff purports to proceed as described therein.

3.      Deny the allegations set forth in Paragraph 3 of the Complaint, except admit that plaintiff purports to proceed as described therein.

4.      Deny the allegations set forth in Paragraph 4 of the Complaint, except admit that plaintiff purports to proceed as described therein.

5.      Deny the allegations set forth in Paragraph 5 of the Complaint, except admit that plaintiffs purport to proceed as described therein..

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      Admit the allegations set forth in Paragraph 8 of the Complaint.

9.      Deny the allegations set forth in Paragraph 9 of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their contents.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, except admit that defendant P.O. Brett Bara and defendant P.O. Jose Bueno were police officers of the New York City Police Department at the time of the alleged incident described in paragraph 24 of the Complaint.

11.     Admit the allegations set forth in Paragraph 11 of the Complaint

12.     Deny the allegations set forth in Paragraph 12 of the Complaint, except admit that Drs. Maloy, Haddad, and Greenberg are employees of New York City Health and Hospitals Corporation.

13.     Deny the allegations set forth in Paragraph 13 of the Complaint, and respectfully refer the Court to the statutes referenced therein for a complete and accurate statement of their contents.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.    Deny the allegations set forth in Paragraph 25 of the Complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.    Deny the allegations set forth in Paragraph 27 of the Complaint, except admit that Dr. Eli Greenberg, Dr. Fadi Haddad, Dr. Alyson Malloy, and Dr. Amy Cohen treated plaintiff at Bellevue Hospital without plaintiff's oral or written consent.

28.    Deny the allegations set forth in Paragraph 28 of the Complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, except admit that plaintiff was treated at Bellevue Hospital for approximately five days.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.    Deny the allegations set forth in Paragraph 31 of the Complaint.

32.    Repeat and re-allege preceding responses to Paragraphs 1-31 of the Complaint as if fully stated herein.

33.    Deny the allegations set forth in Paragraph 33 of the Complaint.

34.    Deny the allegations set forth in Paragraph 34 of the Complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint concerning any unidentified persons and deny the allegations set forth in Paragraph 35 of the Complaint concerning identified person, except admit that defendant P.O. Brett Barra and defendant P.O. Jose Bueno acted within the

scope of their employment on May 18, 2006, concerning their interactions with plaintiff on that day.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint concerning any unidentified persons and deny the allegations set forth in Paragraph 36 of the Complaint concerning identified person, except admit that defendant P.O. Brett Barra and defendant P.O. Jose Bueno acted within the scope of their employment on May 18, 2006, concerning their interactions with plaintiff.

37.    Deny the allegations set forth in Paragraph 37 of the Complaint.

38.    Deny the allegations set forth in Paragraph 38 of the Complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40.

41.    Deny the allegations set forth in Paragraph 41 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Common Ground Community H.D.F.C, Inc., Center For Urban Community Services, Rosanne Haggerty, Stacy Neri, Dawn Bradford, Nancy Porcaro, Oretha Franklin, and Michael Giordano (collectively, "non-City Defendants").

42.    Repeat and re-allege preceding responses to Paragraphs 1-41 of the Complaint as if fully stated herein.

43.    Deny the allegations set forth in Paragraph 43 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

44.    Deny the allegations set forth in Paragraph 44 of the Complaint.

45.    Repeat and re-allege preceding responses to Paragraphs 1-44 of the Complaint as if fully stated herein..

46.    Deny the allegations set forth in Paragraph 46 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

47.    Deny the allegations set forth in Paragraph 47 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

48.    Deny the allegations set forth in Paragraph 48 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

49.    Repeat and re-allege preceding responses to Paragraphs 1-48 of the Complaint as if fully stated herein.

50.    Deny the allegations set forth in Paragraph 50 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

51.    Deny the allegations set forth in Paragraph 51 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

52.    Deny the allegations set forth in Paragraph 52 of the Complaint.

53.    Repeat and re-allege preceding responses to Paragraphs 1-52 of the Complaint as if fully stated herein.

54.     Deny the allegations set forth in Paragraph 54 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

55.     Deny the allegations set forth in Paragraph 55 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

56.     Deny the allegations set forth in Paragraph 56 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

57.     Deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Deny the allegations set forth in Paragraph 58 of the Complaint..

59.     Deny the allegations set forth in Paragraph 43 of the Complaint.

60.     Deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Deny the allegations set forth in Paragraph 61 of the Complaint..

63.     Deny the allegations set forth in Paragraph 63 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

64.     Deny the allegations set forth in Paragraph 64 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

65.     Deny the allegations set forth in Paragraph 65 of the Complaint.

66.     Deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Repeat and re-allege preceding responses to Paragraphs 1-66 of the Complaint as if fully stated herein..

68.     Deny the allegations set forth in Paragraph 68 of the Complaint, and respectfully refer the Court to the notice of claim and relating papers filed by plaintiff (attached hereto as Exhibit A) for a complete and accurate description of facts and information set forth in those papers.

69.     Deny the allegations set forth in Paragraph 69, except admit that the City of New York and HHC have made no adjustment or payment to plaintiff concerning the notice described therein.

70.     Deny the allegations set forth in Paragraph 70 of the Complaint, except admit that no Section 50-h hearing relating to the allegations of the Complaint has occurred.

71.     Deny the allegations set forth in Paragraph 71 of the Complaint..

72.     Deny the allegations set forth in Paragraph 72 of the Complaint.

73.     Deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Repeat and re-allege preceding responses to Paragraphs 1-73 of the Complaint as if fully stated herein.

75.     Deny the allegations set forth in Paragraph 75 of the Complaint.

76.     Deny the allegations set forth in Paragraph 76 of the Complaint.

77.     Deny the allegations set forth in Paragraph 77 of the Complaint..

78.     Repeat and re-allege preceding responses to Paragraphs 1-77 of the Complaint as if fully stated herein.

79.     Deny the allegations set forth in Paragraph 79 of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint.

81.     Deny the allegations set forth in Paragraph 81 of the Complaint.

82.     Deny the allegations set forth in Paragraph 82 of the Complaint.

83.     Repeat and re-allege preceding responses to Paragraphs 1-82 of the Complaint as if fully stated herein.

84.     Deny the allegations set forth in Paragraph 84 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

85.     Deny the allegations set forth in Paragraph 85 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

86.     Deny the allegations set forth in Paragraph 86 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

87.     Deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Repeat and re-allege preceding responses to Paragraphs 1-87 of the Complaint as if fully stated herein.

89.     Deny the allegations set forth in Paragraph 89 of the Complaint.

90.     Deny the allegations set forth in Paragraph 90 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

91.     Deny the allegations set forth in Paragraph 91 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

92.     Deny the allegations set forth in Paragraph 92 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

93.     Deny the allegations set forth in Paragraph 93 of the Complaint.

94.     Repeat and re-allege preceding responses to Paragraphs 1-93 of the Complaint as if fully stated herein.

95.     Deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Deny the allegations set forth in Paragraph 97 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

98.     Deny the allegations set forth in Paragraph 98 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

99.     Deny the allegations set forth in Paragraph 98 of the Complaint.

100.    Repeat and re-allege preceding responses to Paragraphs 1-99 of the Complaint as if fully stated herein.

101.    Deny the allegations set forth in Paragraph 100 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

102.     Deny the allegations set forth in Paragraph 101 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

103.     Deny the allegations set forth in Paragraph 103 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

104.     Deny the allegations set forth in Paragraph 104 of the Complaint.

105.     Repeat and re-allege preceding responses to Paragraphs 1-104 of the Complaint as if fully stated herein.

106.     Deny the allegations set forth in Paragraph 106 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

107.     Deny the allegations set forth in Paragraph 107 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

108.     Repeat and re-allege preceding responses to Paragraphs 1-107 of the Complaint as if fully stated herein.

109.     Deny the allegations set forth in Paragraph 109 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City Defendants.

110.     The allegations set forth in Paragraph 110 state a legal conclusion as to which no response is required, but to the extent that a response is deemed required, deny the allegations set forth in Paragraph 110 of the Complaint

## FIRST AFFIRMATIVE DEFENSE

111.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

112.    City Individual Defendants have not violated any of plaintiff's rights, privileges or immunities under the U.S. Constitution, the laws of the United States, the New York Constitution, or any laws of the New York.

## THIRD AFFIRMATIVE DEFENSE

113.    At all times relevant to the acts alleged in the Complaint, City Individual Defendants acted reasonably, properly, lawfully, and in good faith.

## FOURTH AFFIRMATION DEFENSE

114.    City Individual Defendants exercised reasonable care and breached no duties.

## FIFTH AFFIRMATIVE DEFENSE

115.    Plaintiff has failed to comply with a conditional precedent.

## SIXTH AFFIRMATIVE DEFENSE

116.    Punitive damages cannot be ordered against City Individual Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

117.    Any injuries alleged in the Complaint were caused, in whole or part, by culpable or negligent conduct of plaintiff and/or persons other than City Individual Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

118.        To the extent that City Individual Defendants, are sued in their individual capacities, the City Individual Defendants are qualifiedly and absolutely immune from suit under state law.

## NINTH AFFIRMATIVE DEFENSE

119.    To the extend that the City Individual Defendants are sued in their individual capacities, the City Individual Defendants are qualifiedly immune from suit under federal law.

**WHEREFORE**, the City Individual Defendants request judgment as follows:

A.  in favor of City Individual Defendants dismissing the Complaint and denying all relief requested therein;

B.  for costs, fees and such other disbursements; and

C. for such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          December 3, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendants
City of New York, and
New York City Health and Hospital Corporation
100 Church Street, Room 2-189
New York, New York  10007
212-788-0898

By: _____
    Elizabeth A. Wells
    Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I, Elizabeth A. Wells, hereby certify that a copy of the attached Answer was caused to be served on plaintiff, by regular mail, on December 3, 2007.

Rose Weber, Esq.
225 Broadway, Suite 1608
Brooklyn, NY 10007

Dated:     New York, New York
           December 3, 2007

Elizabeth A. Wells